# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, § § | |
| Plaintiff, § § | CONSOLIDATED CASE NO. Civil Case No. 1:23-cv-02096-SDG |
| v. § § | |
| JOHN DOE, subscriber assigned IP address 71.59.3.125, § § § | |
| Defendant. § § | |

| | |
|---|---|
| JOHN DOE, subscriber assigned IP address 76.111.41.163. § § | Civil Case No. 1:24-cv-01737-SDG |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, Strike 3 Holdings, LLC ("Plaintiff"), hereby respectfully submits the following Memorandum of Points and Authorities in support of its Motion for Leave to File Unredacted Versions of Plaintiff's First Amended Complaint, Proposed Summons and Return of Service Under Seal ("Motion").

Plaintiff commenced this litigation by filing an initial complaint against the then-unknown subscriber to IP address 76.111.41.163 for infringement of Plaintiff's adult works via the BitTorrent protocol. The Court authorized Plaintiff to take limited early discovery, and Plaintiff issued a subpoena for the subscriber's name and address on the relevant Internet service provider ("ISP"), Comcast Cable.

1

Plaintiff does *not*, however, reflexively prosecute subscribers. Yet upon further investigation of the subscriber's connection to the infringement, Plaintiff determined that Defendant–and not someone else–was the likely infringer. Thus, Plaintiff has filed a First Amended Complaint ("FAC") that includes additional allegations connecting Defendant to the infringement, but with minor redactions to Defendant's true name, address, and other identifying information.

The purpose of the current Motion is to provide Defendant with the benefit of the doubt before the relief becomes moot. Plaintiff understands the sensitive and private nature of this litigation, and thus moves for this relief peremptorily before serving process on Defendant, making him a party to the action, and thus publishing his identity.[1] *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S. Ct. 1322, 1327, 143 L. Ed. 2d 448 (1999); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987).

"It is axiomatic that public access to court proceedings is critical to the integrity and legitimacy of our judicial system." *BMO Harris Bank, N.A. v. Richert Funding, LLC*, No. 15-3886 (AT)(JKL), 2016 WL 11531678, at *2 (N.D. Ga. Dec. 27, 2016) (citing *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).

---

[1] Because Defendant is not yet a party to the action, Plaintiff believes it would be "inappropriate" to consult prior to the filing. *See Standing Order Regarding Civil Litigation*, at III.h. However, Plaintiff is mindful of its continuing obligation to confer and reduce issues during the litigation, and shall consult with Defendant or his counsel once litigation has commenced to discuss the terms of a protective order and confidential designations.

2

"The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chemence Med. Prod., Inc. v. Medline Indus., Inc.*, No. 13-500 (TWT), 2015 WL 149984, at *1 (N.D. Ga. Jan. 12, 2015); *see also Berkley Reg'l Specialty Ins. Co. v. Belle Chase, LLC*, No. 18-291 (MHC), 2019 WL 12528979, at *1 (N.D. Ga. Jan. 16, 2019) ("[t]he strength of the presumption of openness falls along a continuum[.]") (citation omitted).

"A party seeking to have material sealed can overcome the common law right of access by a showing of good cause where there exists 'a sound basis or legitimate need to take judicial action." *Reid v. Viacom Int'l Inc.*, No. 14-1252 (MHC), 2016 WL 4157208, at *2 (N.D. Ga. Jan. 25, 2016) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)). "Such good cause 'is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury.'" *Id.* (citation omitted).

"A good cause determination 'requires balancing the asserted right of access against the other party's interest in keeping the information confidential.'" *Id.* (quoting *Romero*, 480 F.3d at 1246).

> In deciding whether to shield information from the public, courts "consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information,

3

> whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents."

*United States v. Kight*, No. 16-99 (WSD), 2018 WL 1138310, at *3 (N.D. Ga. Mar. 2, 2018), *on reconsideration*, No. 16-99 (WSD), 2018 WL 1178264 (N.D. Ga. Mar. 6, 2018), *and on reconsideration in part*, No. 16-99 (WSD), 2018 WL 1531728 (N.D. Ga. Mar. 28, 2018) (quoting *Romero*, 480 F.3d at 1246). "Essentially, good cause exists where '[a] party's privacy or proprietary interest in information . . . overcomes the interest of the public in accessing the information.'" *Reid*, 2016 WL 4157208 at *2 (quoting *Romero*, 480 F.3d at 1246).

The factors and unique posture of the litigation weigh in favor of Plaintiff's limited request to seal and redact Defendant's private information. *Cf. Chemence Med. Prod.*, 2015 WL 149984 at *2 (granting motions to seal various lines from papers that contained personal identifying information and information counsel designated as confidential). First, this request would not impair the Court's ability to function. Plaintiff would simply request the summons from the clerk under seal, serve process pursuant to Fed. R. Civ. P. 4, and then file the proof of service under seal, allowing the case to then proceed as normal.

Second, without redacting Defendant's information and filing the unredacted copies under seal, Defendant's information would be made public before he received notice of the suit. Although only Defendant can attest to the specific harms–if any–

4

this disclosure may cause him, intimate details about an individual's life, specifically sexuality, warrant a degree of solicitude. *Cf. Valente v. Int'l Follies, Inc.*, No. 16-1138 (ELR)(JSA), 2017 WL 11723886, at *2 (N.D. Ga. Oct. 16, 2017).

Perhaps the most salient factor in favor of sealing is that Defendant would not have "an opportunity to respond" to the propriety of safeguarding his privacy without the requested relief. Defendant is not yet a party to this litigation, *supra,* but will be once he is served process. But the steps to commence the action and obtain summons–filing a pleading listing Defendant's identifying information, *see* Fed. R. Civ. P. 10(a), and requesting a summons with his name and address, *see id.* at 4(a)(1)(A)–would vitiate and all but moot the requested relief before Defendant would have an opportunity to weigh in on the motion. By sealing and redacting the case initiating documents, at least temporarily, this Motion acts as a stopgap preserving Defendant's ability to request a protective order if he so choses. This further ensures that this matter is tried on its merits and not influenced by ancillary concerns about Defendant's privacy.

/ / /

/ / /

For the foregoing reasons, Plaintiff respectfully request the Court grant its Motion for Leave to File Unredacted Versions of Plaintiff's First Amended Complaint, Proposed Summons and Return of Service under Seal.

Dated: August 15, 2024

                                              Respectfully submitted,

                                              By: /s/ *Richard A. Rice, Jr.*
                                              Richard A. Rice, Jr., Esq.
                                              GA Bar No. 603203

                                              The Rice Law Firm, LLC
                                              3151 Maple Drive, NE
                                              Atlanta, GA 30305
                                              Tel.: (404) 835-0783
                                              Fax: (404) 481-3057
                                              E-mail: richard.rice@trlfirm.com
                                              *Counsel for Plaintiff*